IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BANCREDITO HOLDING CORPORATION, on its own behalf and derivatively for the benefit of and on behalf of Nominal Defendant BANCREDITO INTERNATIONAL BANK AND TRUST CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>DRIVEN ADMINISTRATIVE SERVICES, LLC,<br><br>Defendant,<br><br>BANCREDITO INTERNATIONAL BANK AND TRUST CORPORATION,<br><br>Nominal Defendant. | CIVIL NO. 24-1039 (CVR)<br><br>VERIFIED DIRECT AND DERIVATIVE SHAREHOLDER COMPLAINT |

### MOTION TO STAY DISCOVERY
### PENDING RESOLUTION OF MOTION TO DISMISS

**COMES NOW**, Defendant, Driven Administrative Services LLC, as receiver of Bancrédito International Bank & Trust Corporation (the "Receiver"), without submitting to this Court's jurisdiction and, for the reasons discussed in more detail below, respectfully requests that this Court stay any discovery as part of this action based on its inherent authority to manage the cases before it, and for judicial economy considerations, until such time as it rules on the pending Motion to Dismiss filed by the Receiver at Docket No. 38, which is now fully briefed by the parties to this action.

### INTRODUCTION

In response to Plaintiff's Amended Complaint, the Receiver filed a Motion to Dismiss that challenges this Court's subject matter jurisdiction and raises additional threshold arguments that warrant the dismissal of this action. See Docket Nos. 39 and 46. Despite the foregoing, Bancrédito

1

Holding Corporation ("Plaintiff") has moved to disqualify counsel for the Receiver (Docket No. 49) while, most recently, looking to engage in discovery with the very same counsel that it seeks to have disqualified. See **Exhibit No. 1**. Plaintiff's incompatible conduct speaks volumes about the lack of merit of the Motion to Disqualify, which the Receiver will address in due course. See Docket No. 56.

In any event, and in light of the arguments raised by the Receiver in its Motion to Dismiss, which could effectively render moot the need for any discovery as part of this action, the Receiver requested that Plaintiff agree to a stay of discovery and the obligations under Fed. R. Civ. P. 26(f) pending adjudication of the Motion to Dismiss, to no avail. See **Exhibit No. 2**. Instead, Plaintiff continues to insist on having the Fed. R. Civ. P. 26(f) conference and conducting discovery. See **Exhibit No. 3**.[1] The fact that Plaintiff proposed to have such Rule 26(f) conference on dates in which it knows that the Receiver's counsel will be unavailable evidences the bad faith and harassment behind such a request. See Docket No. 55 (the Receiver's Motion for Extension of Time to Oppose the Motion to Disqualify based on various personal and professional commitments); Docket No. 56 (the Order granting such Motion for Extension of Time); and Docket No. 59 (the Order denying Plaintiff's Motion for Reconsideration of the Order granting such Motion for Extension of Time).

Notably, this Court has yet to set a scheduling conference under Fed. R. Civ. P. 26(f) and will presumably not do so until it rules on the Motion to Dismiss. In these circumstances, there is no pressing need to have a Rule 26(f) conference. See Fed. R. Civ. P. 26(f) ("the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)"). Accordingly, for the reasons discussed in more detail below, the Receiver respectfully requests that this Court stay all discovery in this action, including the

---

[1] The Receiver certifies having "made a reasonable and good-faith effort to reach an agreement with [counsel for Plaintiff] on the matters set forth" herein, but was unable to reach any such agreement based on Plaintiff's insistence to conduct discovery at this stage. See L. Civ. R. 26(b) ("A judicial officer shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion. An attempt to confer will not suffice").

need for the parties to have a Rule 26(f) conference until such time as it rules on the pending Motion to Dismiss.

## DISCUSSION

### A. This Court has the Authority to Stay Discovery.

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). This inherent power allows a court "to stay discovery pending resolution of a motion to dismiss." Dicenzo v. Mass. Dep't of Corr., Case No. 3:15-cv-30152-MGM, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (citing Landis v. North Am. Co., 299 U.S. 248, 254 (1936)); see also e.g. Kolley v. Adult Protective Servs., 725 F.3d 581, 587 (6th Cir. 2013) ("[a] plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment."); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); Remy v. Lubbock Nat'l Bank, No. 5:17-CV-460-FL, 2019 WL 7631113, at *2 (E.D.N.C. Mar. 20, 2019) ("[a] court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions.") (citing Tilley v. United States, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003), aff'd, 85 F. App'x 333 (4th Cir. 2004), cert. denied, 543 U.S. 819 (2004)); Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 5 (D.D.C. 2001) (a stay of discovery pending a decision on a dispositive motion that would fully resolve the case is a proper exercise of discretion; it "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery.").

### B. The Circumstances of this Case Warrant a Stay of Discovery.

Here, the Court should stay the discovery and any obligations under Rule 26(f) pending resolution of the Motion to Dismiss for various reasons. First, the Receiver's Motion to Dismiss raises jurisdictional threshold issues that go to the ability of this Court to entertain this action. See First Am. Mortg., Inc. v. First Home Builders of Fla., 2011 WL 1482942, at *2 (D. Colo. 2011) ("[c]ourts have recognized that a stay is warranted while the issue of jurisdiction is being resolved.").

In addition, the Motion to Dismiss is dispositive of the totality of the claims in this case, rendering any discovery conducted a waste of judicial resources, as well as time, effort, and expenses on behalf of the parties. See Loney v. State Collection Serv., No. 13-CV-247, 2014 WL 349480, at *2 (E.D.N.C. Jan. 31, 2014) (describing a stay of discovery as "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources").

Lastly, Plaintiff will suffer no harm from such a stay of discovery, to the extent that "holding discovery in abeyance until such time as the rulings on the dispositive motions become final will not unreasonably delay the litigation." Channing Bete Co., Inc. v. Greenberg, No. 3:19-CV-30032-MGM, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021) (granting motion to stay discovery pending resolution of a pending motion to dismiss) (citing Dicenzo, 2016 WL 158505, at *2 ("relatively brief delay" until the disposition of dispositive motions is reasonable)).

**WHEREFORE**, the Receiver respectfully requests that this Court stay all discovery proceedings, including the Rule 26(f) conference, until such time as the Court rules on the pending Motion to Dismiss.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 19th day of June, 2024.

**CERTIFICATE OF SERVICE**: It is hereby certified that on this date the instant document was filed with the Clerk of the Court through the CM/ECF electronic system which will notify and provide copies to all parties of record.

                **McCONNELL VALDÉS LLC**
270 Muñoz Rivera Ave.
San Juan, PR 00918
P.O. Box 364225
San Juan, PR 00936-4225
T. 787.250.5632
F. 787.759.8282
www.mcvpr.com

s/Arturo J. García-Solá
Arturo J. García-Solá
USDC-PR No. 201903
ajg@mcvpr.com

s/Juan A. Marqués Díaz
Juan A. Marqués Díaz
USDC-PR No. 211803
jam@mcvpr.com

s/Lizzie M. Portela Fernández
Lizzie M. Portela Fernández
USDC-PR Bar No. 208401
lpf@mcvpr.com

s/Daniel J. Perez-Refojos
Daniel J. Perez-Refojos
USDC-PR No. 303909
dpr@mcvpr.com